IN THE UNITED STATES DISCTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 25, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Erica Jones
 DEPUTY CLERK

| | |
|---|---|
| HEATHER KEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:25-cv-00474 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| JUDGE ROBERT | )    Chief United States District Judge |
| LOUIS HARRISON, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

By memorandum opinion and order entered on October 30, 2025, the court dismissed with prejudice most of the claims filed by pro se plaintiff Heather Keen and addressed numerous other motions. The court's order dismissed without prejudice claims against one of the defendants, Judy Reynolds, and allowed Keen the opportunity to file an amended complaint naming only Reynolds as a defendant and asserting only certain claims against her. (*See generally* Dkt. Nos. 23, 24.) Alternatively, the court informed Keen that she could file a notice declining to amend, in which case the court would enter a final judgment allowing Keen to file an immediate appeal to the United States Court of Appeals for the Fourth Circuit.

Rather than filing an amended complaint or indicating that she does not want to amend, Keen has filed four documents, three of which she has styled as motions and all of which the court addresses herein.[1] The first motion is titled as a "Motion to Set Aside Judgment for Hearing and for Judicial Recusal." (Dkt. No. 25.) The second is titled as a "Motion for

---

[1] In the non-motion, which is titled as a "Notice," Keen discusses the "Constitutional Question" of "Judicial Immunity," and she goes on to question the constitutionality of "qualified immunity," which the court did not rely upon or even discuss in dismissing her case, *see generally* Mem. Op., Dkt. No. 23. (Dkt. No. 26.) The Notice purports to provide Keen's opinions regarding these topics, to provide the background history concerning these immunity doctrines, and to give notice to the state courts referenced in her complaint, to the Department of Justice, the Attorney General of Virginia, and the "Western District of Virginia Representative." (*Id.* at 4.) It is not styled as a motion, nor does it appear to request any relief from this court, so the court does not address it further.

Sanctions." (Dkt. No. 27.) The third motion, she has titled as a "Motion to Set Aside Summary Judgment." (Dkt. No. 28.) For the reasons set forth herein, the relief sought in all three motions will be denied.

## I. DISCUSSION

**A. Motion to Set Aside Judgment (contained within both Dkt. No. 25 and Dkt. No. 28)**

In her first motion and most of her third, Keen points to Federal Rules of Civil Procedure 59 and 60, and she asks that the court set aside its prior judgment because it "refus[ed] to hear" her case, violated her right to a hearing, to present evidence, and violated her due process rights. (Dkt. No. 25 at 1–2; *see generally* Dkt. No. 28.) The court has considered her arguments but sees no basis for reconsideration under either Rule.

To the extent the court's ruling was a judgment addressing all claims against all parties and thus can properly be considered under either Rule 59 or Rule 60, Keen timely filed within the timeframe permitted by Rule 59(e), and the court treats her motion as being brought under that Rule. As the Fourth Circuit has explained, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). It appears that Keen relies only on the third of these grounds for relief.

She is incorrect both in her assertion that the court erred in refusing her a hearing and in her argument that the court otherwise denied her due process. Where a plaintiff is granted leave to proceed ifp, the court is required to examine the pleadings to determine both whether it has

2

jurisdiction and to ensure that the action is not frivolous or malicious, states a claim upon which relief can be granted, and is not brought against immune parties. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) applies to "IFP filings in addition to complaints filed by prisoners"). Nothing in the statute requires a hearing; to the contrary, it requires merely a review of the written pleadings.

Furthermore, the court continues to believe that its ruling was proper. Regarding the dismissal of the judicial defendants, the court sees no error. As another judge of this court recently explained,

> [j]udges are immune from suit under the doctrine of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).
>
> Accordingly, the Plaintiff's claim against [the judge in his prior case] is barred by judicial immunity and is therefore dismissed with prejudice. *See, e.g.*, *Galloway v. Davis*, No. 23-1386, 2023 WL 4105708 (4th Cir. June 21, 2023) (affirming dismissal with prejudice of a Bivens action under § 1915(e)(2) as barred by judicial immunity); *Mills v. Marchant*, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2–3 (D.S.C. June 4, 2019), *adopted*, 2019 WL 2644216 (D.S.C. June 27, 2019) (noting that dismissal with prejudice is proper under 28 U.S.C. § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous).

*Lyons v. Hoppe*, No. 5:24-CV-00020-MKR, 2024 WL 2834495, at *2 (W.D. Va. June 4, 2024).

Like the claims in *Lyons* and the cases cited in the foregoing excerpt, the claims Keen brought against the various judges she named as defendants were likewise barred by judicial

immunity and properly dismissed as frivolous.  There is no basis for reconsidering that ruling.

Keen also argues that judicial immunity is not "absolute."  But as even she acknowledges, immunity applies when a judges "acts within [his] judicial capacity and within the clear jurisdiction of the court."  (Mot. 2, Dkt. No. 25.)  The allegations in Keen's complaint did not remove the conduct of the judges here from those parameters.  They are entitled to absolute judicial immunity.

In her first motion, Keen presents no arguments in her filings as to why the court erred in dismissing her claims against the other defendants.  The second motion contains oblique references to alleged conduct by the other defendants but does not explain how the court erred in its analysis.  Thus, she has wholly failed to call into question the court's reasons for dismissing the claims against the other defendants.  Her requests to reconsider and to alter or amend the judgment will be denied.

**B.  Motion to Recuse**

Keen also requests that the court recuse itself, contending that she "reasonably believes she cannot receive a fair, neutral, or lawful hearing before this judge."  (Mot. 2, Dkt. No. 25.)  In support of her motion to recuse, Keen cites to 28 U.S.C. § 455.[2]  In effect, she argues that the same grounds set forth in support of her motion to set aside the judgment are also grounds for recusal.  In her third motion, she also takes issue with the court's "delay" in addressing her complaint, which she states resulted in "substantial prejudice and ongoing harm."  (Mot. 4–5, Dkt. No. 28.)  None of these circumstances require recusal.

First, the court did not refuse to "hear the case."  The filing of a complaint in federal court does not entitle an individual to a live hearing or trial.  The court reviewed Keen's written

---

[2] Keen also cites to Canon 3(E) of the Virginia Canons of Judicial Conduct, but that Canon does not govern this court's conduct.  Even if it did, the court did not violate it here.

complaint consistent with the applicable rules and found her claims subject to dismissal, as is proper and appropriate. Nothing about the court's actions suggests that it acted inappropriately.

Second, all of Keen's reasons for recusal are based on the court's rulings, and recusal is almost never warranted based on judicial rulings alone. *Liteky v. United States*, 510 U.S. 545, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The Fourth Circuit has stated that the test is objective. *United States v. Cherry*, 330 F.3d 423, 433 (4th Cir. 2011) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Moreover, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not . . . required to recuse himself because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665. Thus, it is insufficient that keen believes the undersigned is biased, particularly where that belief is neither "reasonable" not based on anything outside of judicial rulings.

Section 455(b) similarly provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Like

5

§ 455(a), "§ 455(b)(1) carries an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky*, 510 U.S. at 555). Without more, judicial rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555.

In arguing for recusal, Keen does not identify any extrajudicial source of alleged bias or conflict. Instead, in addition to pointing to alleged actions that—as the court has explained—were appropriate, Keen focuses on the fact that the court stated that amendment to add certain facts would be "futile." She argues that the use of the term "futile" "is clear evidence of prejudgment and destroys any appearance of fairness." (Mot. to Recuse 2, Dkt. No. 25.) But "futility" is the appropriate standard to apply to determine whether to allow amendment of a complaint. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (nothing that leave to amend should be denied if amendment "would have been futile"). Using that standard is entirely proper and does not support a claim of bias or suggest a need to recuse.

Lastly, Keen's assertion that the court's delay resulted in prejudice to her likewise does not entitle her to recusal or any other relief. First, having reviewed the entire docket, the court finds that there was no significant delay, if any, in the court's addressing Keen's case.[3] But even more significantly, because the court concluded that Keen's claims were subject to dismissal—

---

[3] Notably, Keen continued to file amended complaints or requests to amend, and each time a motion to amend was filed, that required consideration anew of her claims. Specifically, her original complaint was filed on July 16, 2025, but she filed an amended complaint approximately two weeks later. Six weeks after that—on September 16, 2025, she asked to file another amended complaint. (Dkt. No. 11.) On October 22, 2025, she filed yet another motion for leave to file an amended complaint (and for leave to file proper form). (Dkt. No. 14.) And throughout the entire time the case was pending, she filed numerous other motions requesting relief. The court issued its ruling addressing all her claims on October 30, 2025, only six weeks after her second-to-last request to file an amended complaint and eight days after her final such request. Thus, there was not any significant delay in addressing her case.

most of them with prejudice—any "delay" in ruling on her complaint caused no prejudice. An earlier ruling dismissing her claims would not have provided Keen with any relief from any court proceedings in state court.

C.  **Request for a Hearing**

Keen's motion also requests a "full hearing" on her complaint and contends that "[t]he refusal to grant a hearing itself is reversible error." (Mot. 2.) She is incorrect, and the authorities on which she relies do not support per position. Rule 4:15 of the Supreme Court of Virginia is inapplicable in this federal court. And neither Federal Rule of Civil Procedure 7(b) nor the local rules of this court require the court to hold a hearing before partially or fully dismissing a complaint pursuant to § 1915(e), or before ruling on a motion to recuse. Thus, no error has been shown.

D.  **Motion for Sanctions**

Keen's motion for sanctions (Dkt. No. 27) references several Federal Rules of Civil Procedure, including Rules 7(b), 9(a), 9(g), and 11(b), but it is unclear to the court the party against whom she is seeking "sanctions." To the extent she is seeking "sanctions" against the court itself, there is no basis for that relief in the context of this lawsuit. Much of the motion appears to be seeking discovery from the defendants or discovery related to her dismissed claims, in that her motion also references Rules 26 and 33. She then devotes approximately one and one-half pages to a listing of various types of "bonds" and their respective definitions, as she understands them. The court has considered her request but sees no basis for awarding sanctions against any defendant. Sanctions are not awarded based on a plaintiff's mere allegations about what occurred factually; they must be based on the conduct of a defendant, and no defendant has even entered an appearance in this case. Thus, her motion for sanctions (Dkt. No. 27) will be denied.

### E. Final Dismissal

Lastly, the court previously dismissed Keen's claims, but gave her an opportunity to amend by a certain date as to specific claims against defendant Reynolds. Keen has neither filed an amended complaint by that deadline nor asked for an extension of time to do so. Accordingly, and consistent with *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc), the court will enter final judgment in this case and dismiss Keen's claims with prejudice and without leave to amend, thereby allowing her to file an appeal from this court's judgment, should she choose to do so.

## II. CONCLUSION

For the reasons set forth herein, the court will deny Keen's motions for relief seeking reconsideration, recusal, and sanctions. (Dkt. Nos. 25, 27, 28.) Also, because Keen has failed to file an amended complaint by the deadline set by the court, the court will enter a final judgment in this case allowing Keen to appeal should she choose to do so.

The court will enter an appropriate order.

Entered: February 25, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge